IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DARIEL TYMAIN THOMPSON,**

    **Petitioner,**

v.                                **Case No. 5:22-cv-00213**

**WARDEN HECKARD,**
FCI Beckley,

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.**    **Relevant History**

On May 2, 2022, Petitioner filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). The case was docketed, assigned to the Honorable Frank W. Volk, United States District Judge, and referred to the undersigned United States Magistrate Judge for findings of fact and recommendations for disposition. (ECF No. 2).

1

On May 4, 2022, the undersigned entered an Order directing Petitioner to pay the $5.00 filing fee, or submit an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 5). He was told that his failure to comply with the Order might result in a recommendation that his petition be dismissed for failure to prosecute. According to the docket, Petitioner received the Order, as well as a blank Application to complete and file with the Clerk. Nonetheless, Petitioner failed to comply with the Order, so on June 3, 2022, the undersigned issued an Order to Show Cause. (ECF No. 7). In the Order to Show Cause, the undersigned noted that Petitioner had failed to pay the filing fee or submit an Application, as instructed, and had not communicated with the Court to explain his noncompliance with the Order. Petitioner was given notice pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1 that the undersigned would recommend dismissal of his petition within thirty days unless he complied with the prior Order. (*Id.* at 1-2). Petitioner was also reminded of his obligation to keep the Court notified of any changes in his address. According to the docket sheet, Petitioner received the Order to Show Cause. (ECF No. 8).

More than forty-five days have passed since the Show Cause Order was entered, yet Petitioner has failed to pay the filing fee or respond to the Order. A review of the Federal Bureau of Prisons' inmate locator reflects that Petitioner has been transferred to the Atlanta Residential Reentry Management field office, with a release date of November 3, 2022. *See* https://www.bop.gov/inmateloc/. Petitioner failed to notify the Court of his change of address.

## II.   Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,*

such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v.*

---

[1] Fed. R. Civ. P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

*Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received two court orders instructing him to pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. Petitioner was twice advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee or provided an Application. Petitioner was given more than ample time to comply with the Orders, but failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for more than two months, and he has been given just as long to comply with the Court's directives; yet, Petitioner has not complied. The undersigned notes that Petitioner found time to file a motion during that period, but simply ignored the Court's directives. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the respondent, although in this proceeding, the prejudice is admittedly minimal. However, as Petitioner has wholly disregarded two court orders, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96.

### III. <u>Proposal and Recommendation</u>

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby

4

**FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation," provide a copy to the United States Attorney for the Southern District of West Virginia, and mail a copy of the same to Petitioner at the Atlanta Residential Reentry field office.

**DATED**: July 21, 2022

Cheryl A. Eifert
United States Magistrate Judge