UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DARIEL TYMAIN THOMPSON,

    Petitioner,

v.                        CIVIL ACTION NO. 5:22-cv-00213

WARDEN HECKARD,
FCI Beckley,

    Respondent.

**ORDER**

    Pending is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1], filed May 2, 2022. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on July 21, 2022. Magistrate Judge Eifert recommended that the Court dismiss the Petition without prejudice pursuant to *Federal Rule of Civil Procedure* 41(b) and Local Rule of Civil Procedure 41.1.

    The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's

findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 30, 2022. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 10**], **DISMISSES without prejudice** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 22, 2023



Frank W. Volk
United States District Judge

---

[1] The Court notes that the PF&R was served on Petitioner by mail and initially returned as undeliverable. The PF&R was re-mailed to Petitioner on September 12, 2022 and once again returned as undeliverable. "A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her . . . . A pro se party must advise the clerk promptly of any changes in . . . address . . . ." S.D. W. Va. LR Civ P 83.5.